## Teamsters Local 397, A. F. of L., v. Buhl et al.

*George W. Schroeck,* for plaintiff.
*William W. Washabaugh, Jr.,* for defendants.

EVANS, P. J., February 7, 1952.—This matter is before us on bill in equity seeking preliminarily until final hearing, and perpetually thereafter, an injunction enjoining defendants from interfering wth a strike now in effect against Erie Taxicab Company and Erie Checker Cab Company, and by force and intimidation coercing employes or members of Teamsters Local 397, American Federation of Labor, to return to work in violation of a written contract by and between defendant companies and Local 397.

A rule to show cause was granted, returnable February 6, 1952, at 10 a.m. The court orally required that a copy of the bill be served upon Henry Buhl, president of defendant companies, in order that a preliminary survey of the merits might be had before drastic action in the form of a preliminary injunction should be taken. At the time and place fixed for this preliminary hearing defendants filed a motion to dismiss the bill of complaint setting forth 19 reasons therefor. We will consider but two of these reasons because they

dictate the action which must be taken and the order which will follow.

Throughout the bill reference is made to a written contract between the union and defendants entered into at some indefinite date, apparently some time in the year 1950 and in force at this time. When defendants raised the objection that this contract was not pleaded, plaintiff submitted an unsigned and undated copy thereof and it was incorporated as an amendment by stipulation of the parties. Also by way of amendment and under stipulation was submitted a copy of a letter sent by defendant companies to the employes, which is alleged to be coercive in character.

An examination of the written contract indicates certain things which must be done before stewards may be discharged and certain steps which must be taken in case of dispute before the employes or employer may interrupt the service by strikes or lockouts.

An examination of the bill does not indicate wherein the terms of this agreement were complied with or violated in a manner to justify the present strike. There is a general statement that in violation of this contract two officers of the union were discharged, and that there were other violations too numerous to enumerate. As a matter of orderly procedure, it is apparent that not only should the contract be averred but also strict compliance with its terms set forth as a prerequisite to claiming relief thereunder. All violations to be relied upon in support of a prayer for injunction should be specifically set forth rather than referred to generally.

Inasmuch as this is a labor dispute, service should be had on all of the parties named as defendants.

It is not necessary that we dismiss this bill, but it is necessary and proper that we should require that it be amended. We suggest that in preparing the amended bill plaintiff consider all objections now on file with

reference to the original complaint in order to eliminate those which may have merit.

Now, to wit, February 7, 1952, the motion to dismiss the bill of complaint is made absolute unless within 15 days an amendment in accordance with the foregoing opinion be filed and served on all named defendants. The hearing on the rule to show cause on the prayer for a preliminary injunction is continued for further consideration after an opportunity to be heard on the amended bill, when filed, has been given. New affidavits in support of the amended bill are not necessary.